UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DENNIS McCABE,

Petitioner,

v.

ISIDRO BACA, et al.,

Respondents.

Case No. 3:18-cv-00520-LRH-WGC

ORDER

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, by Dennis McCabe, a prisoner at Northern Nevada Correctional Center. ECF No. 1. On November 14, 2018, this court entered an order to show cause why: (a) the petition should not be dismissed for lack of jurisdiction under *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016), and (b) the petition should not be dismissed without prejudice for lack of exhaustion. Petitioner has timely filed a response. ECF No. 3. For reasons that follow, this action shall be dismissed for lack of jurisdiction.

In his habeas petition, McCabe alleges that respondents have violated his constitutional rights in relation to disciplinary sanctions imposed against him. He asks the court to grant habeas relief "directing Respondents to remove all disciplinary sanctions and expunge these proceedings from his disciplinary record." ECF No. 1, p. 6.

As explained in the order to show cause, the Ninth Circuit, in *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc), held that federal courts lack habeas jurisdiction over claims for constitutional violations that are not within the "core" of habeas corpus. 830 F.3d at 927. The "core of habeas corpus" is relief that "terminates custody, accelerates the future date of release from

custody, [or] reduces the level of custody." *Nettles*, 830 F.3d at 929-30 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia J., concurring)). "[I]f a state prisoner's claim does not lie at 'the core of habeas corpus,' . . . it may not be brought in habeas corpus but must be brought, 'if at all,' under [42 U.S.C.] § 1983." *Id*. at 931 (citations omitted). The question posed to McCabe in the court's order to show cause was how, given his life sentence, the invalidation of disciplinary proceedings would advance the future date of his release from custody. ECF No. 2, p. 2. Alternatively, the court noted that he might establish habeas jurisdiction if relief would result in a "quantum change in the level of custody." *Id*., p.3. (citing *Nettles v. Grounds ("Santos")*, 788 F.3d 992, 1005 (9th Cir. 2015)).[1]

In responding to the order to show cause, McCabe does not address this issue. Instead, he argues the court has jurisdiction because he is in custody and his federal right to due process has been violated. ECF No. 3, p 2-3. He further argues that constitutional violations have resulted in "damages." *Id*. This argument goes to the whole point of the holding in *Nettles* – that being, that "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Nettles*, 830 F.3d at 927. Because McCabe seeks damages and perhaps injunctive relief, not relief from custody, his claim "does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." *Id* at 935 (internal citation omitted).[2]

Having concluded McCabe's remedy, if any, is not available in a habeas proceeding, the question whether he has exhausted state court remedies in the manner required to obtain habeas relief is now moot.

---

[1] The 2015 Ninth Circuit panel decision involves two petitioners: Damous Nettles and Matta Santos, both prisoners in California state prisons. The court's discussion and opinion regarding a change of custody level was limited to Santos' case. The 2016 decision was a rehearing en banc that only involved the panel's holding regarding Nettles. The panel's opinion regarding Santos' claim about change in custody was not re-heard.

[2] *Nettles* also held that the court *may* recharacterize a nominal habeas petition as a civil rights complaint if "the complaint is amendable to conversion on its face." *Id*. at 936 (quoted source omitted). McCabe's pleading does not fit this description – *e.g*., it does not seek the correct relief. ECF No. 1, p. 6-7. In addition, McCabe has assistance of retained counsel and has not demonstrated that he lacks the resources to pay the filing fee for a civil rights complaint. Thus, the court declines to convert this case to a proceeding under 42 U.S.C. § 1983.

2

1     IT THEREFORE IS ORDERED the petition for writ of habeas corpus (ECF No. 1) is DISMISSED for lack of jurisdiction. The Clerk of Court shall enter judgment accordingly.

    IT IS FURTHER ORDERED that the Clerk shall **add** Aaron D. Ford, Nevada Attorney General, as counsel for respondents and **electronically serve** this order on the respondents.

DATED this 4th day of February, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE